CITY OF HOUSTON v. JOHN W. SCHRIMPF'S ADM'X.

The 9th section of the common-law act of 20th January, 1840, reads thus: "The husband may sue either alone or jointly with his wife for the recovery of any effects of the wife; and, in case he fail or neglect so to do, she may, by the authority of the court, sue for such effects in her name." (Paschal's Dig., Art. 4636, Note 1043.)   In such a suit the husband must state the capacity in which he sues, whether it be in his own right, or for the separate property of his wife.

Article 4636 must be construed in connection with article 1427, which requires the names of the parties and the cause of action to be stated. (Paschal's Dig., Art. 1427, Note 536.)

APPEAL from Harris. The case was tried before Hon. BENJAMIN SHROPSHIRE, one of the district judges.

The petition averred that the plaintiff was "owner of the property," and that the city authorities passed the "fire ordinance," and forced him to desist from repairing and occupying his property.   A bill of exceptions showed that the judge who tried the cause without a jury refused to permit proof that the house and lot were the separate property of the plaintiff's wife.   But the statement of facts showed that the wife was the owner in right of her inheritance from her father.   As the case turned upon the question of parties, no further history is necessary, except to say that the court disregarded the pleas of justification under the ordinance, and gave judgment in favor of the plaintiff for $500.

*James Masterson,* for plaintiff in error, insisted upon the power of the city to pass the fire ordinance, and in conclusion said that the proper parties were not before the court.

*A. P. & E. W. Thompson,* for defendant in error, insisted that the ownership or title to the property was not raised by the pleadings, nor necessary to the determination of the case; that the injury went entirely to the question of management and the loss of rents consequent on the plaintiff not being permitted to repair. (Paschal's Dig., Arts. 4641, 4637; De Blaine v. Lynch, 23 Tex., 25; McGee v. White, 23 Tex., 191.)

MORRILL, C. J.—Schrimpf instituted suit against defendants in their corporate capacity, alleging ownership in himself of a certain lot in the city of Houston, on which was a wooden building; that by repairs on the building, costing $150, it could be rented for $75 per month; that the defendants, by their officers, constables, bailiffs, marshals, or police force, entered into the premises, and forced plaintiff and his servants to suspend work, &c., to the damage of plaintiff $1,000.

Defendants, among other answers, denied all the allegations of the plaintiff. During the pendency of the suit the plaintiff died, and the suit was prosecuted by his widow, as his administratrix.

A judgment was rendered in favor of the succession of plaintiff for $500. We do not feel disposed to follow the course pursued by the parties, and adjudicate upon the points presented by the attorneys in the able arguments in this case, as it seems to us that the fifth error assigned meets us *in limine vitis*, and is decisive of it. The testimony introduced by plaintiff shows that the wife of plaintiff was the owner of the land.

The suit was brought by plaintiff in his own right, and even after his death the suit was not prosecuted by the wife in her own right, but as administrator of her deceased husband. It is true that the statute (Art. 4636) provides that "the husband may sue either alone or jointly with his wife for the recovery of any effects of the wife," but he must state in what capacity and character he sues; when he sues for the effects of his wife, he must not sue for his own effects. The petition does not disclose that the plaintiff is a married man.

The statute (Art. 1427) is imperative in requiring the names of the parties, with a full and clear statement of the cause of action. The parties in this case should be the husband, as such, either alone or jointly with his wife, and this matrimonial capacity should have been set forth. When the husband died, there was no one but the wife who could prosecute the suit. The administrator of the estate of the deceased could not appear and prosecute this suit as administrator of her husband. There can be a successor to a husband, but not an administrator.

When the husband died, the wife surviving had the same control over her property and rights of action as if she had never been married. Had the suit been properly instituted, a suggestion of the death of the husband in court would

of itself have been an announcement that the surviving widow prosecuted the suit in her own name. Because the testimony did not sustain the allegations of the petition as to the ownership of the land, the court, acting as jury and judge, should have decided for the defendants.

This view of the case is decisive; but, had the proper parties appeared, it is doubtful if the mere words of an officer of the corporation would furnish sufficient ground of action for the suit. If, as alleged in the petition, the corporation had no authority to require the plaintiff to desist in his work, the command of the officer could have been, and should have been, disregarded. The voluntary compliance on the part of the plaintiff with the request or command of a person unauthorized to make this request or command, might or might not, according to circumstances, furnish a cause of action against the party individually charged. As the question is not properly presented for our adjudication, we will not pursue the subject.

REVERSED AND DISMISSED.